**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| PATRICIA JOSEPH, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:10-CV-114 (WLS) |
| : | |
| MICHAEL J. ASTRUE, *Commissioner of* : | |
| *Social Security*, : | |
| : | |
| Defendant. : | |
| _____: | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed February 2, 2012. (Doc. 19). It is recommended that the Social Security Commissioner's final decision be affirmed. (*Id.* at 8). Plaintiff timely filed an Objection, which challenges the Recommendation for its rejection of multiple doctors' opinions, allegedly without good cause. (Doc. 20 at 1). On these grounds, Plaintiff requests that the Court reverse and award benefits. (*Id.* at 8).

**DISCUSSION**

**I.     Standard of Review for Social Security Appeals**

"[T]he federal courts' 'review of the [ALJ's] decision is limited to an inquiry into whether there is substantial evidence to support [its] findings . . . and whether the correct legal standards were applied.'" Powell v. Astrue, 250 Fed. App'x 960, 962 (11th Cir. 2007) (quoting Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002)). This is a "highly deferential standard of review." Id. at 963. The Court is forbidden from reweighing the evidence or substituting its judgment for that of the ALJ. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir.

1

1990).  "Even if the evidence preponderates against the Commissioner's findings, [the court] must affirm if the decision reached is supported by substantial evidence."  Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.

"[T]he ALJ's failure [to specifically address evidence] only constitutes reversible error if it created an evidentiary gap that caused unfairness or clear prejudice."  Caldwell v. Barnhart, 261 Fed. App'x 188, 190 (11th Cir. 2008) (citing Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995)); *see also* Dyer, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995)) "[T]he ALJ's decision [simply] . . . [can]not [be] a broad rejection[,] which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'").  Having established the applicable standard of review of Plaintiff's social security appeal, the Court turns to its discussion of Plaintiff's objections on which she bases her request for the Court's reversal of the Commissioner's decision and award of benefits.

## II.  Plaintiff's Objections

As a preliminary matter, Plaintiff informs the Court that his Objection is limited in scope to the ALJ's 'errors' that were addressed by the Magistrate Judge's Report and Recommendation, and points the Court to his initial brief and his reply brief for a full discussion of the ALJ's alleged errors.  (Doc. 20 at 2).  However, in choosing not to raise these alleged errors in his Objection, Plaintiff has waived his right to raise those errors on appeal.  Fed. R. Civ. P. 72(b) advisory committee notes.

Plaintiff objects to the Magistrate Judge's Report and Recommendation to the extent that it recommends adopting the ALJ's finding rejecting the opinions of Plaintiff's treating

2

psychiatrist, Dr. Vandewalle, and psychologists, Drs. Wager and Willers.  (Docs. 19, 20). Plaintiff argues that in finding that the doctors' opinions were not supported by the objective evidence and treatment notes, the ALJ "asserted psychiatric or psychological expertise superior to that of the true experts, the doctors," which is not allegedly permissible as part of an ALJ's analysis.  (*Id*. at 7).  Plaintiff also argues that the treatment notes supported the doctors' conclusion that Plaintiff met the criteria for listings 12.04 and 12.05, and that the opinions alone may be entitled to substantial weight.  (*Id*. at 8).

The Social Security regulations provide guidelines for the ALJ to use when evaluating medical opinion evidence.  (*See* 20 C.F.R. § 404.1527).  The ALJ considers many factors when weighing such evidence, including the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and the area of a doctor's specialization.  (*Id*. at § 404.1527(d)).  In light of the applicable law, the ALJ was entitled to consider and weigh the doctors' opinions to determine whether they were consistent with the record.  (*Id*.)

The Court agrees with the Magistrate Judge that the ALJ provided good cause to disregard the doctors' opinions.  The Eleventh Circuit has held that:

> [t]he ALJ must give the opinion of a treating physician substantial or considerable weight unless 'good cause' is shown to the contrary.  The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error.  Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error.
>
> Goff v. Comm'r, 253 F. App'x 918, 921 (11th Cir. 2007) (internal quotation marks and

citations omitted).

The ALJ provided specific reasons for discounting the opinions of Drs. Wager, Willers, and Vandewalle regarding Plaintiff's alleged disability. (*See* Doc. 13-2 at 20-22). For example, the ALJ found that the treatment notes did not support the doctors' findings of a "severe degree of limitations"; instead, the ALJ found no evidence of functional limitations existed on the record aside from the doctors' own assessments. (*Id*.) The ALJ also found that the doctors' opinions simply concluded that Plaintiff was "at Listing level depression" without providing any reason for that depression to exist. (*Id*.) The ALJ noted that Dr. Willers' low GAF rating of Plaintiff contradicted his own assessment of Plaintiff's IQ as well as treatment records that demonstrated improvements in Plaintiff's GAF rating in response to anti-depressant medication. (*Id*.) The ALJ also found that Plaintiff's actual work history refuted Dr. Willers' assessment (echoed by Dr. Vanderwalle) that Plaintiff's "ability to get out into the world into the workforce has always been marginal and basically unsuccessful." (*Id*.) Based on these findings, the ALJ found that Plaintiff had failed to present specific medical findings that demonstrated how her impairments met or equaled one or more of those set out in the List of Impairments.

Plaintiff's Objection indicates that she seems to be operating under three misconceptions. First, Plaintiff fails to appreciate that it is her burden, as well as her physicians, to establish that a disability exists. In the five step process, a claimant establishes a prima facie case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. Phillips v. Barnhart, 357 F.3d 1232, 1237-39 (11th Cir. 2004). While the ALJ is required to review all of the medical findings and other evidence that supports a medical source's statement that a claimant is disabled, it is Plaintiff's ultimate burden to prove she is disabled, and consequently, Plaintiff is responsible for producing evidence in support of her claim. Plaintiff's doctors can assist in this process through providing medical opinions. And while it is true that the opinion of

4

a treating physician is entitled to substantial weight, it may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory. Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).

Second, Plaintiff fails to appreciate the difference between a disability as found by a doctor and a disability as determined by the Social Security Regulations. The doctor's finding of a disability is determined by his medical opinion. The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). To make this determination, the ALJ employs a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. While the doctor's findings are considered in the five step process, they do not conclusively determine the final finding. As the Regulations state, the Commissioner will "consider opinions from treating and examining sources on issues such as…your residual functioning capacity…[although] the final responsibility for deciding these issues is reserved to the Commissioner." 20 C.F.R. § 404.1527(e)(2). Most importantly, "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean we will determine you are disabled." 20 C.F.R. § 404.1527(e)(2). While Plaintiff cites to the Marbury case in an effort to disparage the ALJ's findings, Marbury was an exceptional case with an entirely different factual basis than the instant case. In Marbury, the ALJ specifically disregarded the diagnoses of two treating physicians in favor of his own diagnosis that Marbury's claimed seizure disorder was "questionable." The ALJ has done nothing of the sort in the instant case; on the contrary, the ALJ's findings are based on the record.

Finally, Plaintiff fails in her argument to appreciate the duty of the Magistrate Judge and this Court. In reviewing claims brought under the Social Security Act, the Court's role is limited. It is legally bound not to decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). A review of the Plaintiff's argument indicates she wishes the Magistrate Judge and this Court to reweigh the evidence presented to the ALJ because she is able to point to evidence that arguably supports her claim. Our role is only to ensure that the ALJ's determination is supported by substantial evidence and that the appropriate legal standards were applied.

The ALJ's decision was based on Plaintiff's evidence as a whole and in the context of the current analysis. When considered in this manner, the ALJ's determination that the opinions of Drs. Vandewall, Wager and Willers did not overcome what the ALJ found to be contradictory evidence in the record. (*Id.*) It is well established that the fact finder may have "good cause" to afford less weight to a treating physician's opinion where the opinion was conclusory or inconsistent with the physician's own medical records or where the evidence supported a contrary finding. Anderson v. Commissioner Social Sec. Admin.*,* 2011 WL 4435569, 1 at *1 (11th Cir. September 26, 2011). Here, the ALJ has articulated specific reasons for failing to give the opinion of the doctors' controlling weight, and those reasons are supported by substantial evidence; thus, the Court will not disturb the ALJ's decision. *See* Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005). For these reasons, the Court finds that Plaintiff's arguments as stated in her Objection to the Magistrate Judge's Recommendation should be, and are **OVERRULED**.[1]   (Docs. 18 and 19).

---

[1] Because the Court does not find reversible error, it will not address Plaintiff's request for awards.

## CONCLUSION

Accordingly, the objections set forth in Plaintiff's Objection (Doc. 20) are **OVERRULED** and United States Magistrate Judge Langstaff's February 2, 2012 Report and Recommendation (Doc. 19) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the Social Security Commissioner's final decision is **AFFIRMED**.

**SO ORDERED**, this  30th  day of March 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**